1  WILLIAM MCGRANE [057761]
   MATTHEW SEPUYA [287947]
2  MCGRANE PC
3  Four Embarcadero Center, 14th Floor
   San Francisco, CA 94111
4  Telephone: (415) 292-4807
   william.mcgrane@mcgranepc.com
5  matthew.sepuya@mcgranepc.com
6  Additional firms listed on the following page
7
   Attorneys for Plaintiffs Mathew Skogebo, an individual person and Sanket Vinod Thakur, an
8  individual person, on behalf of themselves and all other persons similarly situated.

9              UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

11
   MATHEW SKOGEBO, an individual person,        Case No.  8:19-CV-00739
12 and SANKET VINOD THAKUR, an individual
   person on behalf of themselves and all other  **CLASS ACTION**
13 persons and entities similarly situated,
                                                 **JURY TRIAL DEMANDED**
14              Plaintiffs,
                                                 **COMPLAINT FOR PENAL FINES FOR**
15      v.                                       **VIOLATIONS OF STREETS &**
                                                 **HIGHWAYS CODE SECTION 31490**
16 COFIROUTE USA, LLC, a Delaware Limited
   Liability Company, ORANGE COUNTY
17 TRANSPORTATION AUTHORITY, a
   California governmental entity and
18 RIVERSIDE COUNTY TRANSPORTATION
   COMMISSION, a California governmental
19 entity
20              Defendants.
21
22
23
24
25
26
27
28

MICHAEL HASSEN [124823]
REALLAW PC
1981 N. Broadway, Suite 280
Walnut Creek, CA 94596
Telephone: (925)-359-7500
mjhassen@reallaw.us

MICHAEL WALSH [155401]
The Walsh Firm, PC
38 Corporate Park
Irvine, CA 92606
Telephone: (949)-724-1350
thewalshfirmpc@gmail.com

Come now Plaintiffs and allege as follows:

**Parties**

1.      Plaintiff Mathew Skogebo (Skogebo) is an individual person.

2.      Plaintiff Sanket Vinod Thakur (Thakur) is an individual person.

3.      Thakur and Skogebo are sometimes hereafter collectively referred to as Motorists.

4.      Neither Motorists nor Class Members (as that term is defined, *infra*) have ever been subscribers of the 91 Express Lanes (as that term is defined, *infra*). Motorists and Class Members (as that term is defined, *infra*) are hereafter sometimes collectively referred to as the Class.

5.      Defendant Cofiroute USA, LLC (CUSA) is a Delaware limited liability company with its principle place of business in Orange County, California.

6.      Defendant Orange County Transportation Authority (OCTA) is a California governmental entity with its principle place of business in Orange County, California.

7.      Defendant Riverside County Transportation Commission (RCTC) is a California governmental entity with its principle place of business in Riverside County, California.

8.      CUSA, OCTA, and RCTC are sometimes hereafter collectively referred to as Defendants.

**Jurisdiction and Venue**

9.      Class Members (as that term is defined, *infra*) are citizens of many different states of the United States and foreign countries such that minimal diversity exists in this case for purposes of the federal Class Action Fairness Act of 2005 (28 U.S.C. Sections 1332(d) [CAFA]). In addition this case involves more than five million dollars ($5,000,000) in penal fines and is not subject to the local controversy exception to CAFA due to the fact similar class actions have been filed within the last three years.

10.     Venue is appropriate in this District and Division because Orange County, California is where the relevant claim for relief for penal fines arose.

**Limitation of Actions**

11.    To the extent this putative class action is brought by the Class against CUSA, and absent tolling, the applicable statute of limitations is one year. *See* California Code of Civil Procedure section 340(a).

12.    As to CUSA only, California Code of Civil Procedure section 340(a) has been tolled since July 16, 2018, following which date CUSA has been the subject of two prior and similar class action lawsuits on account of its having sent out the False 23302 Toll Evasion Notices (as that term is defined, *infra*) during the Class Period (as that term is defined, *infra*) in violation of Streets & Highways Code section 31490(a).

13.    To the extent this putative class action is brought by the Class against OCTA and RCTC, California Government Code section 912.4 provides that a claim made against a California governmental entity is barred after one year from the date of occurrence.

14.    On October 11, 2018, Thakur served OCTA with a class action administrative claim consistent with the allegations made in this Complaint for Penal Fines, etc. (Complaint) against OCTA, which claim was denied by OCTA on November 29, 2018. *See* Exhibit 1.

15.    On October 15, 2018, Skogebo served RCTC with a class action administrative claim consistent with the allegations made in this Complaint against RCTC, which claim was denied by RCTC on November 28, 2018. *See* Exhibit 2.

**Charging Allegations**

16.    All during the Class Period (as that term is defined, *infra*) Defendants have each acted as the agents of the others in doing and failing to do all of the things alleged in this Complaint.

17.    The terms "transportation agency," "electronic toll collection system," and "toll highway," as employed throughout this Complaint are all otherwise defined in Streets & Highway Code sections 31490(l)-(m).

18. The terms "pay-by-plate toll payment" and "valid vehicle license plates properly attached to the vehicle" as employed throughout this Complaint are both otherwise defined in Vehicle Code sections 23302(d)-(e).

19. Defendants are all transportation agency operating an electronic toll collection system with respect to a toll highway (the 91 Express Lanes) that is partially owned by OCTA and partially owned by RCTC, which 91 Express Lanes CUSA operates for the benefit of OCTA and RCTC pursuant to a written contract to which all Defendants are parties.

20. All during the Class Period (as that term is defined, *infra*), Class Members (as that term is defined, *infra*) have all had valid vehicle license plates properly attached to their vehicles, the existence of which valid vehicle license plates properly attached to the Class Members' (as that term is defined, *infra*) vehicles having been the sole means by which Defendants have been able to lawfully acquire the Protected PII (as that term is defined, *infra*) of Class Members (as that term is defined, *infra*) in the first place.

21. All during the Class Period (as that term is defined, *infra*) the 91 Express Lanes have knowingly permitted pay-by-plate toll payment.

22. Given the facts stated in ¶¶ 20-21, *supra*, the mere fact that the Class drove the 91 Express Lanes during the Class Period (as that term is defined, *infra*) without any of their number having had a valid FasTrak® account did not violate Vehicle Code section 23302 or any other California criminal statute. The only thing the Class's conduct as described in this ¶ 22 (the 23302.5 Violations) has ever violated was Vehicle Code section 23302.5, which Vehicle Code section 23302.5 is only a civil statute, not a criminal statute.

23. Responding to the Class's 23302.5 Violations, CUSA sent the Class certain Notices of Toll Evasion Violation and/or Notices of Delinquent Toll Evasion Violation (collectively the False 23302 Toll Evasion Notices). Copies of these False 23302 Toll Evasion Notices are attached hereto as Group Exhibit 3.

24. On their face, the False 23302 Toll Evasion Notices improperly accused the Class of having committed a criminal infraction subject to a citation by the California Highway Patrol.

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

1   This improper claim was made despite the fact that, as the public record demonstrates,

2   Defendants themselves knew that the Class had not possibly committed any criminal infraction

3   of any kind by virtue of the Class having driven the 91 Express Lanes during the Class Period (as

4   that term is defined, *infra*) without any of their number having had a valid FasTrak® account.

5         25.    Defendants' knowledge they were continuously making false accusations of

6   criminality against the Class is best demonstrated by the existence of OCTA's Ordinance No.

7   2010-1 at §§ 2(d) and 3(c)(2) and the parallel requirements of RCTC's Ordinance No. 16-001 §

8   3(d) (collectively, the 23302.5 OCTA/RCTC Ordinances) all during the Class Period (as that

9   term is defined, *infra*).

10         26.    On their face, the 23302.5 OCTA/RCTC Ordinances required that, as a matter of

11   law, the Class neither could nor should be charged by CUSA with anything other than the

12   23302.5 Violations, which were entirely civil, not criminal, in nature.

13         27.    In addition to the foregoing, the false nature of the False 23302 Toll Evasion

14   Notices has recently been made the subject of a binding judicial admission on the part of

15   CUSA's two principles, OCTA and RCTC, which two governmental agencies, in direct response

16   to a writ petition Motorists had previously filed against them (*see, e.g., Sanket Thakur, et. al. v.*

17   *Orange County Transportation Authority, et. al.,* Orange County Superior Court Case No. 30-

18   2018-01025555-CU-WM-CJC), immediately required that CUSA correct the form of the False

19   23302 Toll Evasion Notices by substituting new toll evasion notices (the form of which new toll

20   evasion notices was specifically approved by OCTA and RCTC [the True 23302.5 Toll Evasion

21   Notices]) in the place and stead of the False 23302 Toll Evasion Notices.

22         28.    The True 23302.5 Toll Evasion Notices first went into use on November 1, 2018.

23   Copies of the forms of these True 23302.5 Toll Evasion Notices previously provided to

24   Motorists' counsel by OCTA and RCTC are attached as Group Exhibit 4.

25         29.    On their face, the True 23302.5 Toll Evasion Notices now properly identify

26   Vehicle Code section 23302.5 as the sole and only provision of the Vehicle Code which any

27

28

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

1   motorists driving the 91 Express Lanes in the future without a valid FasTrak® account may

2   properly be charged with violating.

3       30.     On their face, the True 23302.5 Toll Evasion Notices do not market toll-related

4   products and services to motorists who are nonsubscribers of the 91 Express Lanes.

5       31.     On their face, the False 23302 Toll Evasion Notices were communications which

6   did knowingly market toll-related products and services to the Class, to wit, subscriptions to the

7   91 Express Lanes, all during the Class Period (as that term is defined, *infra*) and all using the

8   Class's personally identifiable information (the Protected PII)—as that latter term is defined by

9   Streets & Highway Code section 31490(o)—which Protected PII had initially been collected by

10  CUSA acting in its capacity as the transportation agency that operated an electronic toll

11  collection system for OCTA and RCTC with respect to the 91 Express Lanes.

12      32.     Defendants' conduct respecting the False 23302 Toll Evasion Notices was

13  punishable in every instance by the imposition of mandatory penal fines ranging from $2,500 to

14  $4,000 (the PII Penal Fines) as is otherwise set forth in Streets & Highway Code section

15  31490(q)(1)-(2), in that, *inter alia*, CUSA, acting in its capacity as the transportation agency that

16  operated an electronic toll collection system for OCTA and RCTC with respect to the 91 Express

17  Lanes, knowingly provided the Protected PII to the United States Postal Service in order to

18  market subscriptions to the 91 Express Lanes to the Class.

19      33.     Streets & Highways Code section 31490(a) forbids any provision of the Protected

20  PII by transportation agencies such as Defendants to the United States Postal Service unless such

21  provision of Protected PII is specifically authorized by some other subdivision of Streets &

22  Highways Code section 31490.

23      34.     The only provision of Streets & Highway Code section 31490 which in any

24  manner contemplates the provision of Protected PII to the United States Postal Service by

25  transportation agencies such as Defendants wherein the Protected PII of a nonsubscriber of an

26  electronic toll collection system may be used in order to market toll-related products and

27  services, is the second sentence of Streets & Highway Code section 31490(k).

28

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

35.    That second sentence of subsection k only authorizes "advertising [to nonsubscribers] of toll-related products or services ***contained in a notice of toll evasion issued pursuant to Section 23302 of the Vehicle Code***" (the Subsection k Authorization) (***emphasis*** added).

36.    The Subsection k Authorization does not apply here for the following reasons, among others:

a.    At no time during the Class Period (as that term is defined, *infra*) has there ever been any California criminal statute, including but not limited to Vehicle Code section 23302, which forbade any motorist with valid vehicle license plates properly attached to their vehicles from lawfully driving any toll road in the State of California which, like the 91 Express Lanes, permitted pay-by-plate toll payment.

b.    Rather, at all times during the Class Period (as that term is defined, *infra*) it has always been the case that any motorist's conduct in merely driving a toll road which permits pay-by-plate toll payment with valid vehicle license plates properly attached to that motorist's vehicle ***but otherwise without that motorist also having a valid FasTrak® account***—which latter offense is all that the Class has ever been accused of having done wrong by Defendants at any time during the Class Period (as that term is defined, *infra*)— is a civil, not a criminal offense.

c.    Thus, and again as a matter of law, the False 23302 Toll Evasion Notices were never properly "issued pursuant to Section 23302 of the Vehicle Code" because the False 23302 Toll Evasion Notices were directly contrary to the mandate of the 23302.5 OCTA/RCTC Ordinances, which 23302.5 OCTA/RCTC Ordinances had, consistent with principles of state law preemption respecting criminal law, been passed by the boards of both OCTA and RCTC in the exercise of those boards' respective broad legislative discretion to make the civil (and not penal) Vehicle Code section 23302.5 the sole and only provision of the Vehicle Code that CUSA had any right to charge motorists with violating

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490
*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

by virtue of such motorists driving the 91 Express Lanes without a valid FasTrak® account during the Class Period (as that term is defined, *infra*).

       d.     Treating Vehicle Code section 23302 and Vehicle Code section 23302.5 as being in any manner equivalent statutes for purposes of construing the extent of the Subsection k Authorization would ignore the plain meaning of Subsection k Authorization in violation of well-established rules of statutory construction. *See, e.g., San Diego Union v. City Council,* 146 Cal. App.3d 947, 954 (1983) (citing 58 Cal.Jur.3d, Statutes, § 116, p. 505) for the twin propositions (i) that express exceptions to any general statutory rule (here the general statutory rule being that the Protected PII should never be provided to third parties by transportation agencies such as Defendants under any circumstances) should always be strictly and narrowly construed and (ii) that such express exceptions should never be extended to include things other than those which were clearly contemplated by the actual language of such express exceptions (here that the inapplicable criminal Vehicle Code section 23302 is not at all the same thing as the applicable civil Vehicle Code section 23302.5).

       e.     Treating Vehicle Code section 23302 and Vehicle Code section 23302.5 as being in any manner equivalent statutes for purposes of construing the extent of the Subsection k Authorization would also violate strong public policy by arbitrarily denying the Class the full protection of their Protected PII by rewarding Defendants for their knowing use of the False 23302 Toll Evasion Notices, despite the fact that those False 23302 Toll Evasion Notices constituted, at a minimum, a multiple series of knowingly false statements made all during the Class Period (as that term is defined, *infra*).

       f.     Defendants are equitably estopped from claiming the benefit of the Section k Authorization due to the fact that the False 23302 Toll Evasion Notices constituted, at a minimum, a multiple series of knowingly false statements made all during the Class Period (as that term is defined, *infra*).

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

**Class Allegations**

37.     The Class Period is July 16, 2017, through October 31, 2018.

38.     The Class is defined as follows: "All individual persons who, during the Class Period (i) were nonsubscribers to the 91 Express Lanes; (ii) drove the 91 Express Lanes either for business or pleasure without a valid FasTrak® account and; (iii) were sent the False 23302 Toll Evasion Notices by the United State Postal Service utilizing the Protected PII, which Protected PII the United State Postal Service had earlier been otherwise provided by CUSA on behalf of OCTA and RCTC during the Class Period."

39.     Members of the Class are hereafter sometimes collectively referred to as Class Members.

40.     Motorists are members of the Class.

41.     The identities of the Class Members can be readily ascertained from Defendants' business records.

42.     Questions of law and fact common to the Class predominate over questions affecting only its separate Class Members, including, *inter alia*:

     a.     Whether their continuous use of the False 23302 Toll Evasion Notices subjected Defendants to the PII Penal Fines under Streets & Highways Code section 31490(q)(1)-(2) due to Defendants' corresponding violations of Streets & Highways Code section 31490(a) due to the inapplicability of the Subsection k Authorization to the facts of this case;

     b.     Whether Defendants may rely on the Subsection k Authorization to avoid being held liable to the Class for the PII Penal Fines; and

     c.     Whether the applicable one year statute of limitation provided for by Code of Civil Procedure section 340(a) with respect to CUSA only has been previously tolled for the benefit of the Class on and after July 16, 2018 and up until the filing date of this Complaint.

43.     The claims of the Motorists are typical of the claims of the Class.

44.     Treating this dispute as a class action is a superior method of adjudication in that Motorists are informed and believe and on that basis allege that there are approximately one hundred thousand (100,000) Class Members each one of whom is owed not less than twenty five hundred dollars ($2,500) each, thus making the joinder of all absent Class Members impractical.

45.     Additionally, the amount of each twenty five hundred dollars ($2,500) payment to a single Class Member would be modest on an individual basis, although significant in the aggregate.

46.     It would be impractical for most of the Class Members to individually address Defendants' wrongdoings.

47.     There should be no significant difficulties in managing this case as a class action.

48.     Motorists can and will fairly and adequately represent the interests of the Class.

49.     A class action would serve the best interests of the Class.

50.     Motorists have retained competent and experienced counsel, all of whom will vigorously represent the interests of the Class.

**Sole Claim for Relief**

**(Violation of the Streets & Highway Code by Defendants)**

51.     Motorists reallege ¶¶ 1-50.

52.     Defendants' conduct as described, *supra*, makes Defendants jointly and severally liable to the Class Members for the PII Penal Fines in the total sum of approximately two hundred and fifty million dollars ($250,000,000) and according to proof at trial.

WHEREFORE Motorists prays judgment as set forth below:

1.     That the Class described herein be certified;

2.     That Motorists be appointed the class representatives and Motorists' counsel be appointed counsel for the Class (Class Counsel);

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

1     3.     That the Court order that Defendants pay the PII Penal Fines to the Class in a total

2   sum of not less than two hundred and fifty million dollars ($250,000,000) and according to proof

3   at trial;

4     4.     For an award of attorney's fees and costs to Class Counsel on either or both a

5   common fund or statutory basis;

6     5.     For such other and further relief as to the Court may seem just and proper.

7   Dated: April 22, 2019          THE WALSH FIRM, PC
REALLAW PC
8                           MCGRANE PC

9

10                       By: /s/ William McGrane

                             William McGrane
11                     Attorneys for Plaintiffs Mathew Skogebo, an individual person, and Sanket Vinod Thakur, an individual

12                     person, on behalf of themselves and all other persons and entities similarly situated

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Penal Fines for Violations of Streets & Highways Code Section 31490

*Mathew Skogebo, et. al. v. Cofiroute USA, LLC, et. al.*

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiffs demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal

3  Rules of Civil Procedure.

4   Dated: April 22, 2019              THE WALSH FIRM, PC
                                       REALLAW PC
5                                      MCGRANE PC

6
                                       By: /s/ William McGrane
7                                          William McGrane
                                       Attorneys for Plaintiffs Mathew Skogebo, an individual
8                                      person, and Sanket Vinod Thakur, an individual
                                       person, on behalf of themselves and all other persons
9                                      and entities similarly situated

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**OCTA**

AFFILIATED AGENCIES

Orange County
Transit District

Local Transportation
Authority

Service Authority for
Freeway Emergencies

Consolidated Transportation
Service Agency

Congestion Management
Agency

November 29, 2018

Sanket Vinod Thakur
9534 Carroll Canyon Rd, Apt #230
San Diego, CA 92126

Subject:     File #:                    19-00859-1
             Date of Loss:          08/18/18

Dear Sanket Vinod Thakur,

Notice is hereby given that the claim which you presented to the Orange
County Transportation Authority on October 15, 2018 has been rejected in
its entirety.

### Warning

Subject to certain exceptions, you have only six (6) months from the date
this letter was personally delivered or deposited in the mail to file a court
action in a Municipal or Superior Court of the State of California on this
claim: see Government Code Section 945.6.  This limitation does not apply
to actions filed under the Federal Civil Rights Act.

You may seek the advice of an attorney of your choice in connection with
this matter.  If you desire to consult an attorney, you should do so
immediately.

Please be advised that pursuant to Sections 128.5 and 1038 of the
California Code of Civil Procedure, the Authority will seek to recover all legal
fees and costs of defense in the event an action is filed in this matter and it
is determined that the action was not brought in good faith and with
reasonable cause.

Sincerely,

Regie Peaslee
Sr. Claims Representative, Risk Management

Cc: McGrane, PC

# EXHIBIT 2





Riverside County Transportation Commission

4080 Lemon Street, 3rd Floor • Riverside, CA 92501
Mailing Address: P. O. Box 12008 • Riverside, CA 92502-2208
(951) 787-7141 • Fax (951) 787-7920 • www.rctc.org

November 28, 2018

Mathew Skogebo
2432 Little Creek Circle
Newbury Park, CA 91320

Dear Mr. Skogebo:

Thank you for your recently submitted claim in the matter of utilizing the 91 Express Lanes without a FasTrak account or transponder.

The Commission is guided by state law and obligated to pay claims where there is liability on its part. We have reviewed all of the information submitted to us relating to your claim, and have endeavored to be absolutely fair in considering your case

Your claim presented to the Riverside County Transportation Commission was rejected on November 28, 2018.

WARNING

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or mailed to file a court action on this claim. Please refer to Government Code Section 945.6. You may, of course, seek an attorney's advice on this matter. If you plan to consult an attorney, you should do so immediately.

If you have questions about the claim or this denial of liability, please contact Lisa Mobley, Clerk of the Board, at (951) 787-7141.

Sincerely,

Anne Mayer
Executive Director

# GROUP
# EXHIBIT 3



NTEVC7571861V248751431

ılı···ıllıllıllıllⁱllıllⁱlⁱllⁱⁱllⁱⁱllⁱⁱⁱllⁱⁱⁱllⁱⁱⁱll
*************AUTO**MIXED AADC 926  6  000002105
THAKUR SANKET VINOD
9534 CARROLL CANYON RD APT 230
SAN DIEGO CA 92126-4909

## Notice of Toll Evasion Violation
### Notice Mailing Date: August 22 2018

| Violation Number | 248751431 |
|---|---|
| Vehicle License Plate | CA 7DAN244 |
| Year and Make | 2009  AUDI |
| Entry Date and Time | 08/18/2018  12:22:45 PM |
| Toll Point Date and Time | 08/18/2018 12:25:30 PM |
| Location | 91W 15N Co. Line L#3 |

Our records indicate that on the date, time and location listed above, the vehicle identified above was traveling on the 91 Express Lanes without a valid transponder being detected. California Vehicle Code section 23302(b) requires that all vehicles, including carpools with three or more passengers, using the 91 Express Lanes have a FasTrak® transponder tied to an account with a balance sufficient to pay the toll amount. **Failure to pay the amount due or properly respond before the due date will result in additional penalties, fees and collection action as provided by law.**

**91 EXPRESS LANES ACCOUNT HOLDERS:** If you are a customer in good standing and have failed to update your account with the vehicle listed above, or your payment card has been cancelled, lost, stolen or expired, or if you believe you received this violation notice in error, contact the Customer Service Center at (800) 600-9191 or provide the updated information on the certificate below.

**OTHER AGENCY ACCOUNT HOLDERS:** Contact your FasTrak® agency and add the plate to your account with an effective date before this violation date. Return the certificate below indicating you have a valid FasTrak® account with another California toll agency and your account was in good standing at the time of travel.

**NON-ACCOUNT HOLDERS:** Now that you have discovered the timesaving benefits the 91 Express Lanes provide, we encourage you to become a customer. Opening an account is easy - call us at (800) 600-9191. Sign-up within 15 days from the Notice Mailing Date and we will apply the $25.00 non-refundable penalty towards prepaid tolls on your new account.

### IN ORDER TO AVOID FURTHER NOTICES AND PENALTIES, IT IS IMPORTANT TO DO ONE OF THE FOLLOWING:

- Provide a valid 91 Express Lanes account number, and/or updated payment card information, or
- Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form **WITHIN 30 DAYS** from the Notice Mailing Date printed above, or
- Pay the amount due. Payments can be made online at www.91expresslanes.com or by mail to the 91 Express Lanes, **P.O. Box 68039, Anaheim, California 92817. Payment must be received by 5:00 p.m. on the due date.**

| Description | Due | After 10/07/2018 |
|---|---|---|
| Toll | $2.85 | $2.85 |
| Penalty | $25.00 | $55.00 |
| **Total Due** | **$27.85** | **$57.85** |
| **Due Date** | **09/21/2018** | **11/20/2018*** |

* If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year. You may also be responsible for court costs if these penalties are collected through the courts. In addition to monetary penalties, if you use the 91 Express Lanes without a valid account and a properly mounted transponder, you may be subject to a citation from the California Highway Patrol. *We recommend that you retain a copy of all correspondence with our agency.*

------------------------------------------------------------------

THAKUR SANKET VINOD
9534 CARROLL CANYON RD
APT 230
SAN DIEGO CA 92126

*(Please correct name and address if necessary)*
Pay online at www.91expresslanes.com

## PAYMENT CERTIFICATE

| Violation # | 248751431 | Vehicle License | CA 7DAN244 |
|---|---|---|---|
| **Total Due Before** 09/21/2018 | $27.85 | Year / Model | 2009 AUDI |

*(Make check or money order payable to 91 Express Lanes.* **DO NOT MAIL CASH.)**

☐ Please charge $_____ to my credit card below: (Check One) ☐ American Express ☐ Visa ☐ MasterCard ☐ Discover
My card was lost, stolen, expired, or cancelled. Please update as follows: ☐ Add as my primary default card ☐ Add as an additional card
Credit Card Number: _____  Expiration (MM/YY): ☐☐ / ☐☐

☐ I have a valid **FasTrak®** account with another California toll facility operator and the vehicle referenced above is listed on my account:
*(Check One)* ☐ The Toll Roads, ☐ Metro ExpressLanes, ☐ Bay Area, ☐ I-15, ☐ Other _____
*ExpressAccounts® from The Toll Roads is not valid on the 91 Express Lanes We cannot adjust this transaction, and the full penalty plus the toll amount is due.*

☐ I have a valid **91 Express Lanes** account. Add this vehicle to my account. Account Holder's signature and Account Number are required.
*Please Note: If your FasTrak® account was not in good standing on the date/time of this violation, and this license plate is not listed on your account, we cannot adjust this transaction, and the full penalty plus the toll amount is due.*

_____     _____          _____     _____
Printed Name of Account Holder     Account Holder Signature Required     Account Number          Date

NTEVC7571861V248751431



**Express Lanes**

**Notice of Delinquent Toll Evasion Violation**
Notice Mailing Date: May 23 2018

NDTEVC7141905V234587414

| | |
|---|---|
| Violation Number | 234587414 |
| Vehicle License Plate | CA 7UIE025 |
| Year and Make | 2016 LEXS |
| Entry Date and Time | 04/14/2018   8:25:20 PM |
| Toll Point Date and Time | 04/14/2018   8:30:50 PM |
| Location | 91E 55-Co. Line L#1 |

ʰₗⁿₗₗₗₗᵢₗₗₗₗₗₗᵢₗₗₗₗₗᵢₗₗₗₗₗₗₗₗₗₗₗₗₗₗ
***************AUTO**MIXED AADC 926  7  000001759
TOYOTA LEASE TRST LSR
SKOGEBO MATHEW LSE
2432 LITTLE CREEK CIR
NEWBURY PARK CA 91320-3333

In a *Notice of Toll Evasion* Violation letter dated **04/17/2018** you were informed that the vehicle identified above was traveling on the 91 Express Lanes without a valid FasTrak® transponder being detected. You were also informed that you had 30 days to respond to the notice but we have not yet received a response. California Vehicle Code Section 23302 (b) requires that all vehicles, including carpools with three or more passengers, using the 91 Express Lanes have a FasTrak® transponder tied to an account with a balance sufficient to pay the toll amount. Failure to pay the amount due or properly respond before the due date will result in additional penalties and fees and collection action as provided by law.

**91 EXPRESS LANES ACCOUNT HOLDERS:** If you are a customer in good standing and have failed to update your account with the vehicle listed above, or your payment card has been cancelled, lost, stolen or expired, or if you believe you received this violation notice in error, contact the Customer Service Center at (800) 600-9191 or provide the updated information on the certificate below.

**OTHER AGENCY ACCOUNT HOLDERS:** Contact your FasTrak® agency and add the plate to your account with an effective date before this violation date. Return the certificate below indicating you have a valid FasTrak® account with another California toll agency and your account was in good standing at the time of travel.

**NON-ACCOUNT HOLDERS:** Now that you have discovered the timesaving benefits the 91 Express Lanes provide, we encourage you to become a customer. Opening an account is easy - call us at (800) 600-9191. Sign-up within 15 days from the Notice Mailing Date and we will apply the $25.00 non-refundable penalty towards prepaid tolls on your new account.

**IN ORDER TO AVOID FURTHER NOTICES AND PENALTIES, IT IS IMPORTANT TO DO ONE OF THE FOLLOWING:**
- Provide a valid 91 Express Lanes account number, and/or updated payment card information, or
- Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form **WITHIN 60 DAYS** from the Notice Mailing Date printed above, or
- Pay the amount due. Payments can be made online at **www.91expresslanes.com** or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817. **Payment must be received by 5:00 p.m. on the due date.**

| Description | Due | After  06/07/2018 | After  07/22/2018 |
|---|---|---|---|
| Toll | $0.00 | $0.00 | $0.00 |
| Penalty | $25.00 | $55.00 | $80.00 |
| Total Due | $25.00 | $55.00 | $80.00 |
| Due Date | 06/07/2018 | 07/22/2018* | |

*If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year. You may also be responsible for court costs if these penalties are collected through the courts. In addition to monetary penalties, if you use the 91 Express Lanes without a valid account and a properly mounted transponder, you may be subject to a citation from the California Highway Patrol. *We recommend that you retain a copy of all correspondence with our agency.*

---

**PAYMENT CERTIFICATE**

TOYOTA LEASE TRST LSR
SKOGEBO MATHEW LSE
2432 LITTLE CREEK CIR
NEWBURY PARK CA 91320

| | | | |
|---|---|---|---|
| Violation # | 234587414 | Vehicle License | CA 7UIE025 |
| Total Due Before 06/07/2018 | $25.00 | Total Due After 06/07/2018 | $55.00 |

(Make check or money order payable to 91 Express Lanes. **DO NOT MAIL CASH.**)

*(Please correct name and address if necessary)*
**Pay online at www.91expresslanes.com**
☐  Please charge $_____ to my credit card below:   (Check One) ☐ American Express   ☐ Visa   ☐ Master Card   ☐ Discover
My card was lost, stolen, expired, or cancelled. Please update as follows: ☐ Add as my primary default card   ☐ Add as an additional card

Credit Card Number: _____   Expiration (Month/Year): ☐☐ / ☐☐

☐  I have a valid **FasTrak®** account with another California toll facility operator and the vehicle referenced above is listed on my account:
*(Check One)* ☐ The Toll Roads, ☐ Metro ExpressLanes, ☐ Bay Area, ☐ I-15, ☐Other _____
*ExpressAccounts® from The Toll Roads is not valid on the 91 Express Lanes, we cannot adjust this transaction, and the full penalty plus the toll amount is due.*

☐  I have a valid **91 Express Lanes** account. Add this vehicle to my account. Account Holder's signature and Account Number are required.
*Please Note: If your FasTrak® account was not in good standing at the time of the violation, and this license plate is not listed on your account, we cannot adjust this transaction, and the full penalty plus the toll amount is due.*

| | | | |
|---|---|---|---|
| Printed Name of Account Holder | Account Holder Signature Required | Account Number | Date |
| | | 12710667 | 7005014 |

NDTEVC7141905V234587414
GP200009

**91 Express Lanes Violation Processing Center**
P.O. Box 68039 • Anaheim • California 92817

# GROUP

# EXHIBIT 4

# Notice of Toll Evasion Violation

**Notice Mailing Date: November 01 2018**

*NTEVC7818862V257109540*

************AUTO**ALL FOR AADC 923   3   000000505

| | |
|---|---|
| Violation Number | |
| Vehicle License Plate | |
| Year and Make | |
| Entry Date and Time | 10/29/2018  5:10:49 PM |
| Toll Point Date and Time | 10/29/2018  5:23:31 PM |
| Location | 91E Co. Line-McKinley L#3 |

Our records indicate that on the date, time and location listed above, the vehicle identified was traveling on the 91 Express Lanes without payment of required toll(s) in violation of California Vehicle Code Section 23302.5. This violation is being enforced as a civil penalty pursuant to California Vehicle Code Sections 23302.5 and 40250, et. seq. Please be advised that all vehicles must have a FasTrak® transponder registered to an account with a balance sufficient to pay the toll amount. **Failure to pay the amount due or properly respond before the due date will result in additional penalties, fees and collection action as provided by law.**

### RESOLVE BEFORE THE FIRST DUE DATE TO AVOID ADDITIONAL PENALTIES

- **Pay the amount due. Payments can be made online at www.91expresslanes.com or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817.**

- **91 Express Lanes account holders with a valid account at the time of the violation, add the vehicle to your account.** Complete and return the certificate below or call the customer service center at (800) 600-9191 to update your account.

- **Account holders with a valid account with another California Toll Agency, contact your account holding agency to add the vehicle to your account with a date prior to the violation date.** If the account was not valid at the time of the violation, please call us at (800) 600-9191.

- **Complete an Affidavit of Non-Liability or Request an Administrative Investigation.** Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form within 30 days from the Notice Mailing Date.

| Description | Due | After 12/17/2018 |
|---|---|---|
| Toll | $4.05 | $4.05 |
| Penalty | $25.00 | $55.00 |
| *Total Due* | $29.05 | $59.05 |
| *Due Date* | 12/01/2018 | 01/30/2019* |

*If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year.  You may also be responsible for court costs if these penalties are collected through the courts.

----------------------------------------------------------------------------------------------------------------------------------------

## PAYMENT CERTIFICATE

| | | | |
|---|---|---|---|
| *Violation #:* | | Vehicle License: | |
| *Total Due Before:* **12/01/2018** | $29.05 | Year / Model: | |

*(Please correct name and address if necessary)*

**Pay online at www.91expresslanes.com**

☐ Please charge $_____ to my credit card below:   *(Check One)* ☐ American Express   ☐ Visa   ☐ MasterCard   ☐ Discover

My card was lost, stolen, expired, or cancelled.  Please update as follows: ☐ Add as my primary default card   ☐ Add as an additional card

Credit Card Number: _____   Expiration (Month/Year): ☐☐ / ☐☐

☐ I have a valid **91 Express Lanes** account. Add this vehicle to my account.  Account Holder's signature and Account Number are required. If your account was <u>not</u> in good standing, the toll will not be eligible for payment from your account.

| | | | |
|---|---|---|---|
| *Printed Name of Account Holder* | *Account Holder Signature Required* | *Account Number* | *Date* |
| | | 13198009 | 7959169 |

1355855.1

# Notice of Delinquent Toll Evasion Violation

**Notice Mailing Date:** November 01 2018

*NDTEVC7638373V250671364*

|||||
|---|---|---|---|
| Violation Number | | | |
| Vehicle License Plate | | | |
| Year and Make | | | |
| Entry Date and Time | | 09/04/2018 | 6:08:49 PM |
| Toll Point Date and Time | | 09/04/2018 | 6:14:19 PM |
| Location | | 91E 55-Co. Line L#2 | |

```
||||||||||||||||||||||||||||||||||||||||||||||
*************AUTO**ALL FOR AADC 923  5  000001153
```

In a *Notice of Toll Evasion Violation* letter dated **09/11/2018,** you were informed that the vehicle identified above was traveling on the 91 Express Lanes without payment of required toll(s) in violation of California Vehicle Code Section 23302.5. This violation is being enforced as a civil penalty pursuant to California Vehicle Codes Sections 23302.5 and 40250, et. seq. Please be advised that all vehicles must have a FasTrak® transponder registered to an account with a balance sufficient to pay the toll amount. **Failure to pay the amount due or properly respond before the due date will result in additional penalties, fees and collection action as provided by law.**

## RESOLVE BEFORE THE FIRST DUE DATE TO AVOID ADDITIONAL PENALTIES

- **Pay the amount due. Payments can be made online at www.91expresslanes.com or by mail to the 91 Express Lanes, P.O. Box 68039, Anaheim, California 92817.**

- **91 Express Lanes account holders with a valid account at the time of the violation, add the vehicle to your account.** Complete and return the certificate below or call the customer service center at (800) 600-9191 to update your account.

- **Account holders with a valid account with another California Toll Agency, contact your account holding agency to add the vehicle to your account with a date prior to the violation date.** If the account was not valid at the time of the violation, please call us at (800) 600-9191.

- **Complete an Affidavit of Non-Liability or Request an Administrative Investigation.** Complete and return Section A (Affidavit of Non-Liability) or Section B (Request for Administrative Investigation) located on the back of this form within 60 days from the Notice Mailing Date.

| Description | Due | After 11/16/2018 | After 12/31/2018 |
|---|---|---|---|
| Toll | $3.85 | $3.85 | $3.85 |
| Penalty | $25.00 | $55.00 | $80.00 |
| **Total Due** | **$28.85** | **$58.85** | **$83.85** |
| **Due Date** | **11/16/2018** | **12/31/2018\*** | |

*If not paid by this due date, the penalty will escalate up to $100 for the first violation, $150 for the second violation, and up to $200 for each additional violation within one year. You may also be responsible for court costs if these penalties are collected through the courts.

## PAYMENT CERTIFICATE



| | | | |
|---|---|---|---|
| | Violation #: | Vehicle License: | |
| **Total Due Before:** 11/16/2018 | $28.85 | **Total Due After:** 11/16/2018 | $58.85 |

*(Please correct name and address if necessary)*

Pay online at **www.91expresslanes.com**

*(Make check or money order payable to 91 Express Lanes.* **DO NOT MAIL CASH.)**

☐  Please charge $_____ to my credit card below:  *(Check One)* ☐ American Express  ☐ Visa  ☐ MasterCard  ☐ Discover

My card was lost, stolen, expired, or cancelled.  Please update as follows: ☐ Add as my primary default card  ☐ Add as an additional card

Credit Card Number: _____   Expiration (Month/Year): ☐☐ / ☐☐

☐  I have a valid **91 Express Lanes** account. Add this vehicle to my account. Account Holder's signature and Account Number are required.  If your account was <u>not</u> in good standing, the toll will not be eligible for payment from your account.

_____     _____     _____     _____
*Printed Name of Account Holder*          *Account Holder Signature Required*          *Account Number*          *Date*

13445099          7956546